### JERRY PARCHMAN *v.* THE STATE.

1. RECORD OF PLEA. — A conviction for a felony must be set aside when the record fails to disclose that the defendant pleaded to the indictment, or that, on his failure or refusal to do so, a plea of not guilty was entered for him.

2. CHARGE OF THE COURT. — The record of a felony case, on appeal, must show that the charge to the jury *was filed* in the court below. Defects of this kind recurring in different transcripts sent up by the same clerk are explicable by his ignorance, or inexcusable negligence at least.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The charge was theft of a gelding; the verdict, guilty, with five years in the penitentiary.

*W. S. Coleman*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   At a former day of this term the assistant attorney general applied for and obtained a *certiorari* to have a perfect record in this case sent up.   The two records are now before us, and an inspection of both renders it necessary that the judgment in this case must be reversed for two errors:

1. The record does not disclose the fact that the defendant pleaded to the bill of indictment, or that, having failed or refused to do so, a plea of not guilty was entered for him.   Pasc. Dig., arts. 2942, 2947; *Early* v. *The State*, 1 Texas Ct. App. 248; *Smith* v. *The State*, 1 Texas Ct. App. 408; *Plasters* v. *The State*, 1 Texas Ct. App. 673; *Pringle* v. *The State*, 2 Texas Ct. App. 300; *Jack Stacey* v. *The State*, *ante*, p. 121.

2. The charge of the court does not appear ever to have been filed.   Pasc. Dig., art. 2514; *Smith* v. *The State*, 1 Texas Ct. App. 408; *Lindsay* v. *The State*, 1 Texas Ct. App. 584, and *Charles Haynie* v. *The State*, just decided by this court, and which was an appeal from the District Court of Harrison County, the same county and court from which this appeal comes.   *Ante*, p. 223.

The fact that two cases showing the same error come, as they do, from the same court, satisfies us that this error arises solely from the ignorance or inexcusable negligence of the district clerk with regard to one of the plainest duties which the law enjoins upon him.

Because the district clerk of Harrison County, by failing to do his duty, has permitted the two fatal errors above

complained of to appear in the record of this case, the judgment of the lower court must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*